UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WENDELL PHILLIPS,

        Plaintiff,

vs.

        Case No. 07-CV-14662

        HON. GEORGE CARAM STEEH

DAKTRONICS, INC.,

        Defendant.
_____/

ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS

Defendant Daktronics designs and manufactures electronic scoreboards, programmable display systems and large screen video displays, many of which are used in athletic events. Many basketball leagues impose a rule that a team on offense must shoot the ball within a certain time, or else turn the ball over to the other team. A shot clock is used to count down and display the remaining time.

Plaintiff, Wendell Phillips, contends that in the early 1990s he invented a device incorporating LED lights around the perimeter of an acrylic basketball backboard and hoop. At the expiration of a mountable shot clock, the LED lights would light, thereby signifying the end of a shooting period. In early 1997, a series of telephone conversations allegedly took place between plaintiff and agents of defendant Daktronics, Inc.

A first meeting between the parties allegedly took place in March of 1997, and a second meeting occurred in April, 2007. During the second meeting plaintiff claims that

the parties agreed that plaintiff would provide certain information, notes, drawings, technical specifications, and other documents relating to plaintiff's invention in exchange for the promise of a lump sum payment, royalty payments based upon sales of the device, and a promise to employ plaintiff as a consultant on the project to produce his device. (Complaint ¶ 13-15). Plaintiff contends that he did turn over the agreed upon information during the April 1997 meeting. (Complaint ¶ 16).

Plaintiff alleges that he repeatedly wrote to and phoned defendant in May of 1997 "to discuss the relationship entered into at the meeting . . . ." Defendant did not respond to these letters or phone calls. (Complaint ¶ 17). In November 2004, plaintiff noticed a device being used at The Palace of Auburn Hills that resembled his LED lighted backboard invention. Plaintiff was told that the device was produced, sold and installed by defendant. Plaintiff contacted defendant in December of 2004, at which time defendant purportedly refused to honor its obligations to plaintiff. Plaintiff filed this lawsuit on October 31, 2007, alleging breach of oral contract, breach of implied contract, breach of fiduciary duty, unjust enrichment, fraud, fraud in the inducement, constructive fraud and negligent misrepresentation.

Defendant filed this motion to dismiss on the basis that each of the claims in plaintiff's complaint are barred by the relevant statutes of limitations.

## STANDARD FOR DISMISSAL PURSUANT TO RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the Court to dismiss any complaint that fails "to state a claim upon which relief can be granted." The Court will dismiss a cause of action "for failure to state a claim" if "plaintiff can prove no set of

2

facts in support of his claim which would entitled him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

## ANALYSIS

Michigan's statutes of limitations apply to plaintiff's claims in this diversity action. Each cause of action plead by plaintiff will be analyzed below.

I. Breach of Oral Contract and Breach of Implied Contract

A cause of action for breach of contract must be brought within six years after the claim accrues. MCL 600.5807(8). A breach of contract claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results", Scherer v. Hellstrom, 270 Mich. App. 458, 463 (2006), and without regard to when the breach is discovered. H.J. Tucker & Assocs., Inc. v. Allied Chucker & Engineering Co., 234 Mich. App. 550, 562 (1999).

In this case, plaintiff alleges that in May 1997, defendant did not respond to his "repeated written and telephonic attempts . . . to discuss the relationship entered into at the meeting . . . ." At oral argument, plaintiff's counsel expanded upon the allegations in the complaint by explaining that his client's attempts to contact defendant continued for a time after May 1997 before they ultimately dwindled and ended entirely. Thus, assuming a contract existed, the breach occurred by the summer of 1997.

Plaintiff argues that where performance by one party is dependent upon the occurrence or completion of some condition precedent, "the cause of action does not accrue until the condition is fulfilled *and* the promise is not performed." Scherer v. Hellstrom, 270 Mich. App. 458, 464 (2006) (citation omitted). According to plaintiff, the agreement required further action by defendant before its obligation under the contract

would arise. For example, any lump sum payment made by defendant would be based upon an estimated value of the information provided by plaintiff. Further, any royalty payments were to be paid based upon future sales of products, and defendant's promise of employment was anticipated to be in relation to the commencement of manufacturing of plaintiff's invention.

However, plaintiff's complaint alleges that the contract was breached because defendant failed to make the purported "initial lump sum payment" and refused to "respond to repeated written and telephonic attempts of Plaintiff to discuss the relationship entered into at the meeting in or about May of 1997." All of this conduct occurred in or around May, 1997. Therefore, because plaintiff's contract claims were not brought by May, 2003, they are time-barred.

II. Breach of Fiduciary Duty

A breach of fiduciary duty is a tort cause of action, and is governed by the three-year statute of limitations under Michigan law. Miller v. Magline, Inc., 76 Mich. App. 284 (1977). The period of limitations for a breach of fiduciary duty claim begins to run when "the fiduciary relationship ends - that is, [when] all the fiduciary's duties have been discharged or repudiated." Carpenter v. Mumby, 86 Mich. App. 739, 750-51 (1978). "A claim of breach of fiduciary duty . . . accrues when the beneficiary knew or should have known of the breach." Bay Mills Indian Cmty. v. People, 244 Mich. App. 739, 751 (2001).

Plaintiff arguably had actual knowledge of the alleged breach when defendant stopped communicating with plaintiff and did not make the "initial lump sum payment"

allegedly due.  At the very least, plaintiff "should have known of the breach" in or about May, 1997.

In 2007, the Michigan Supreme Court abolished the common law "discovery rule" as a limit on the application of the Michigan statutes of limitations.  Trentadue v. Gorton, 479 Mich. 378, 388-89 (2007).  In this case, plaintiff knew enough to allege a cause of action for breach of fiduciary duty against defendant by the summer of 1997.  Plaintiff's fiduciary duty claim is time-barred.

III.  Unjust Enrichment

A claim for unjust enrichment is governed by a three year statute of limitations because the contract is implied in law.  Martin v. East Lansing School Dist., 193 Mich. App. 166, 177 (1992).  The elements of an unjust enrichment claim are 1) that the plaintiff confer a benefit (2) that it would be unjust for the defendant to retain.  Dumas v. Auto Club Ins. Ass'n., 437 Mich. 521, 546 (1991).  Plaintiff allegedly conferred a benefit to defendant in April of 1997.  Shortly thereafter, defendant allegedly rebuffed plaintiff's efforts to make contact, and refused to make an "initial lump sum payment."  The fact that plaintiff made a formal demand in December 2004 does not impact the accrual of the cause of action for unjust enrichment.

In Comer Holdings Ltd. v. Rich Coast Inc., 1999 U.S. Dist. LEXIS 617 (E.D. Mich., Jan. 22, 1999), the court found that the statute of limitations began to run when plaintiff demanded payment from defendant.  However, that case is distinguishable because Comer Holdings involved the question of whether a payment was made to satisfy an antecedent debt, or as consideration for a new loan.  It only became unjust enrichment for the defendant to retain the payment following the demand because until

then, the defendant viewed the payment as being on account of an antecedent debt. Id. at *8-9.

Plaintiff's claim of unjust enrichment is barred by the three year statute of limitations.

IV. Fraud in the Inducement, Constructive Fraud, Negligent Misrepresentation

Under Michigan law, a fraud or misrepresentation claim is governed by a six year statute of limitations. MCL 600.5813. "[T]he discovery rule does not apply to cases alleging fraud." Comerica Bank v. Papa, 2006 U.S. Dist. LEXIS 92269, *25 (E.D. Mich., Dec. 21, 2006) (citation omitted). The statute of limitations for fraud claims runs from the date of the fraudulent act. Moross Ltd. Partnership v. Eckenstein Capital, Inc., 466 F.3d 508, 518 (6th Cir. 2006).

In this case, plaintiff claims that defendant engaged in fraud and made misrepresentations during an April, 1997 meeting by allegedly promising plaintiff future payments and employment. The allegedly fraudulent acts occurred in April of 1997.

Plaintiff attempts to invoke the theory of equitable estoppel in order to toll the running of the statute of limitations. For equitable estoppel to apply, a plaintiff must allege action by a defendant "such as concealment of a cause of action, misrepresentation as the time in which an action may be brought, or inducement to refrain from bringing a cause of action." Compton v. Michigan Millers Mutual Insurance Co., 150 Mich. App. 454, 458 (1986). Plaintiff alleges that defendant in this case purposefully avoided contact with him until such a significant time had elapsed from the time of defendant's wrongful conduct so that defendant could avail itself of the applicable statute of limitations.

However, MCL 600.5855 provides that a fraudulently concealed cause of action must be commenced within 2 years after it is, or should have been, discovered. Plaintiff acknowledges that he discovered his cause of action in December, 2004. If defendant did fraudulently conceal plaintiff's causes of action, the latest plaintiff could have brought suit was December, 2006.

Plaintiff's fraud-based causes of action are time-barred under the statute of limitations applicable in this case.

## CONCLUSION

For the reasons stated in this opinion, plaintiff's claims are all time-barred by the applicable statute of limitations. Defendant's motion to dismiss is GRANTED in its entirety.

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on February 5, 2008, by electronic and/or ordinary mail.

s/Josephine Chaffee
Secretary/Deputy Clerk